FRANK ANDERSON, Respondent, v. THE MAM-
MOTH MINING COMPANY, a Corporation, Ap-
pellant.

No. 1475.   (73 Pac. 412.)

1. **Personal Injuries: Physician: Evidence: Striking Out:
   Harmless Error.**
   Where, in an action for injuries, a physician who examined plain-
   tiff was subsequently permitted, without objection, to state that
   by reason of plaintiff's manner during his physical examina-
   tion the physicians were largely handicapped in making the
   same, and that plaintiff resisted to such an extent that a satis-
   factory examination could not be made, defendant was not pre-
   judiced by the court's striking out a nonresponsive answer of
   the witness that plaintiff was supersensitive and was rather
   petulant.

2. **Action: Prejudice of Community: New Trial.**
   Under Revised Statutes 1898, section 3292, prescribing the grounds
   for a new trial, a new trial can not be granted on the ground
   of prejudice of the people of the county where the action was
   tried to such extent that an impartial jury could not be ob-
   tained.

3. **Same: Change of Venue: Application After Trial: Un-
   available.**
   Where an application for a change of venue on the ground of preju-
   dice of the inhabitants of the county where the case was to be
   tried, authorized by Revised Statutes 1898, section 2934, sub-
   division 2, was not made before trial, such objection was un-
   available.

(Decided August 12, 1903.)

Appeal from the Fifth District Court, Juab County.—
*Hon. Thomas Marioneaux,* Judge.

Action to recover damages for personal injuries
alleged to have been sustained by the plaintiff through

the negligence of the defendant. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Andrew Howat, Esq.,* for appellant.

*Messrs. Powers, Straup & Lippman* for respondent.

BASKIN, C. J.—This suit was brought by Frank Anderson against the Mammoth Mining Company for damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The complaint alleges the employment of the plaintiff, the negligence of the defendant, and the injuries to the plaintiff resulting therefrom. The defendant, in its answer, admits the employment of the plaintiff, and denies that defendant was guilty of negligence, and denies that the plaintiff suffered any injury or sustained any damages. The plaintiff recovered a verdict and judgment for $6,000. From the judgment this appeal is prosecuted.

The two assignments of error upon which the appellant relies are, first, that the trial court erred in striking out certain testimony of Dr. Wright, and, second, in denying its motion for a new trial.

1. The plaintiff having submitted himself to a physical examination, Dr. Wright, who was one of the physicians who made the examination, in answer to the question, "Just detail to the jury what examination you made of him," stated: "We endeavored to ascertain as best we could the condition of his hearing, and the cause of any defect, if it existed at the present time; also to locate the sensitive areas over the spine that the patient had complained of. I would like to explain, if you will permit me. He was rather supersensitive about our efforts and was rather petulant." The last portion of this statement was stricken out on the objection of plaintiff's attorney, and the de-

fendant excepted, and assigns this action of the court as error. The witness was then asked by defendant's attorney: "What was his manner? What was the manner of the plaintiff during the examination in aiding you in making the examination or otherwise?" and he answered: "We were largely handicapped, for the simple reason that he would wince and resist. It was so, even in looking in his throat and using the ordinary tongue depressor. He made out or seemed to be in great distress of mind or body, and we could not make any satisfactory examination. With a speculum of the smallest size used for infants, introduced with the utmost gentleness, and with the assurance that we would not hurt him at all, he would resist, and would not permit us to make the examination satisfactorily." No objection was made to this question or answer, and the witness was permitted to state in detail what examination he made, and the result thereof. In consideration of what followed after the matter in question was stricken out, and the fact that it was a voluntary statement of the witness, and not responsive to the question asked, striking it out does not constitute reversible error, even if it were conceded that the matter was material. The foregoing conclusion renders it unnecessary to express an opinion as to the materiality of the matter stricken out.

2. The ground for a new trial urged in appellant's brief is that there existed in the county in which the case was tried such a bias and prejudice against the appellant that no jury selected in the manner provided by law from said county would be fair or impartial to it, and would award damages greatly in excess of any amount that should be recovered. It does not appear that the appellant was not aware of the alleged bias and prejudice against it before or at the trial; but, on the contrary, Samuel McIntyre, its president, in his affidavit introduced in support of the motion, deposed "that [he] affiant did not make this application before for the reason that it did not occur to him to make a motion

for a change of venue, principally because it was doubtful whether it would be successful, and affiant did not want to prejudice the case by making a motion for a change of venue and having it denied, and it was not until after information was received in regard to this jury that affiant was advised to make the motion." No motion for a change of venue was made in the case. It appears from the record that each of the jurors who sat in the trial of the case, before his selection, in answer to questions of defendant's attorneys, testified, on his *voir dire,* that he had no bias or prejudice against the defendant, and would assess the damages the same as against an individual. This contention of the appellant is not tenable, because bias and prejudice existing in the county in which the case is pending is not among the grounds for a new trial specified in section 3292, Revised Statutes 1898; and, second, because the objection was not made until after the trial had been entered upon before the jury and the verdict had been returned. Such an objection, except as a ground, under subdivision 2, section 2934, Revised Statutes 1898, for a change of venue, is not available, and it must be made before trial.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.